IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

| | |
|---|---|
| Christopher M. Hicks, | ) |
| Plaintiff, | ) |
| v. | ) No. 11-cv-1129 |
| Raymond E. Hart, | ) |
| Defendant. | ) |

# REPORT AND RECOMMENDATION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This case is before the Court for a recommendation on Plaintiff's objections to removal and on Defendant's motion to substitute the United States of America as the sole defendant. For the reasons below, the Court recommends that this case remain in federal court, and further recommends that the motion to substitute be granted.

## Background and Analysis

On February 15, 2011, Plaintiff filed a small claims complaint in Illinois circuit court, seeking $5,000.00, and alleging that Defendant Hart had "slandered [his] name and reputation." (d/e 1-2, p. 1). On March 30, 2011, the United States of America (the "Government") filed a Notice of

Removal pursuant to the removal provisions in 28 U.S.C. § 2679(d)(2),[1] attaching a certification by Attorney General James Lewis that Hart "at all times relevant to the Complaint filed in this action, . . . was a Lieutenant Colonel in the United States Army and was acting within the scope of his employment with the United States as Professor of Military Science/Commander of the United States Army Battalion at Illinois State University in Bloomington, Illinois."  (d/e 1-4).

In response to the removal, Plaintiff sent a letter to the U.S. Attorney's Office, which has been filed in this case and which has been construed as an objection to removal.  (d/e 3-1; 5/4/11 text order).  The letter states in pertinent part:

> I AM APPEALING THE Notice of Removal for the following reasons: **1: Mr. Raymond Hart was not acting within the scope of his employment 2.  The complaints against Mr. Raymond Hart were filed as a civilian matter not military 3.  Mr. Hart did so on his own behalf with malicious intent which that the statements were false and misleading, the statements caused harm emotionally, educationally, and**

---

[1]This section is part of the Federal Employees Liability Reform and Tort Compensation Act of 1988 (also known as the Westfall Act).  The Act protects federal employees from tort claims arising out of the performance of their official duties, requiring the United States to be substituted as the sole defendant in such cases.  28 U.S.C. Section 2679(d)(1).  The Westfall Act is part of the Federal Tort Claims Act, which requires the exhaustion of administrative remedies, 28 U.S.C. Section 2675, and also bars claims for libel and slander (among other intentional torts), 28 U.S.C. Section 2680(h).

**socially and the statements were made without adequate research into the truthfulness of the matter.**

(d/e 3-1, capitals and emphasis in original).

The Government correctly contends that, once it certified that Hart acted within the scope of his employment, removal was mandatory and permanent, even if it is later determined that the certification is incorrect. 28 U.S.C. § 2679(d)(2)(certification "shall conclusively establish scope of office or employment for purposes of removal"); Osborn v. Haley, 549 U.S. 225, 227 (2007)("Congress gave district courts no authority to return cases to state courts on the ground that the Attorney General's certification was unwarranted."); Daniels v. Liberty Mut. Ins. Co., 484 F.3d 884, 887 (7th Cir. 2007)("Once the Attorney General makes a scope-of-federal-employment certification, the suit must be resolved on the merits in federal court even if the certification is mistaken.").

However, though the certification conclusively establishes the scope of employment for removal purposes, it does not conclusively establish that the United States should be substituted. Osborne, 459 U.S. at 242; Taboas v. Mlynczak, 149 F.3d 576, 579 n. 1 (7th Cir. 1998). A plaintiff may challenge that substitution, but the plaintiff bears the burden of

demonstrating that the defendant was not acting within the scope of employment.  Hamrick v. Franklin, 931 F.2d 1209, 1211 (7th Cir. 1991).

Plaintiff's allegations are too scant to meet that burden.  He does not explain what the alleged false statements were, when they were conveyed, to whom they were conveyed, how they were conveyed, or in what context they were conveyed.  Nor did he file any response to the motion for substitution.

Further, Defendant Hart has submitted evidence in support of the certification.  Defendant Hart filed his request for certification and substitution form, which is a signed declaration recounting his interactions with Plaintiff.  (d/e 5-1, p. 1).  According to that request, Hart removed Plaintiff from the ROTC program at ISU based on a letter of recommendation, a review of other cadet's statements about Plaintiff's behavior, and Plaintiff's failure to graduate from a required training course.  The request also states that Plaintiff then attempted to enroll in a ROTC class through an affiliated community college, but Hart did not allow it and instructed Plaintiff to withdraw from the class.  Plaintiff does not dispute the statements in Hart's declaration.  See Zeglis v. Sutton, 980 F.Supp. 958, 961 (N.D. Ill. 1997)(finding plaintiff's bare conclusions insufficient in face of

defendant's affidavit and other documentary evidence). In addition to Hart's declarations, Hart's supervisor submitted her own declaration that she reviewed the complaint and determined that it covers actions by Hart within the scope of his official duties. (d/e 5-1, p. 2).

The Court presumes from Plaintiff's letter that Plaintiff would argue that Hart's actions were malicious, but, as the Government points out, that argument misses the mark. The issue at this point is whether the alleged defamation, malicious or not, occurred during Hart's performance of his official duties, that is, within the scope of his employment.

Illinois law applies in determining the scope of employment issue. Snodgrass v. Jones, 957 F.2d 482, 484 (7th Cir. 1992). Illinois courts have adopted the principles set forth in the Restatement of Agency: that is, an employee acts within the scope of employment if his conduct is the kind his employer has authorized him to do, at the time and place so authorized, and, was "'actuated, at least in part, by a purpose to serve'" his employer. Adames v. Sheahan, 233 Ill.2d 276, 299 (2009), *citing and quoting* Restatement (Second) of Agency § 228 (1958).

In the Court's opinion, it is clear from Hart's declaration that Hart's actions were within the scope of his official duties of "recruiting, training,

retaining, and mentoring the future Officers of the United States Army." (d/e 5-1, p. 2). Hart removed Plaintiff from the ROTC class and prohibited him from retaking the class. Those actions—deciding who is qualified to enter ROTC training—were part of Hart's official duties in recruitment and training, regardless of Hart's subjective motivation. They were actions taken, at least in part, for the purpose of serving his employer. *See* Taboas, 149 F.3d at 582-83 ("Even if the defendants were motivated primarily by ill will towards Taboas, their actions nevertheless fall within the scope of employment so long as they are 'actuated, at least in part, by a purpose to serve the master.'")(*quoted citation omitted*). Accordingly, the Court will recommend that the U.S. be substituted as a defendant for Hart.[2]

WHEREFORE, the Court RECOMMENDS that Plaintiff's request to remand this case to state court, to the extent he makes such a request, be

---

[2] Plaintiff does not contend that he is trying to pursue a "*Bivens*" action, which is a federal claim based on an alleged violation of the U.S. Constitution. In a *Bivens* action, the federal employee is sued individually. The FTCA does not apply to *Bivens* claims. However, to state a *Bivens* claim, there must be a plausible inference that the employee violated the plaintiff's federal constitutional rights. No such inference arises here, since an allegation of defamation, without more, does not implicate the Constitution. *See* Paul v. Davis, 424 U.S. 693, 709 (1976)(defamation alone does not deprive citizen of a constitutionally protected liberty interest). Here, Plaintiff does not even explain what the defamation was, much less how it injured a constitutionally-protected interest. *Compare with* Atwell v. Lisle Park Dist., 286 F.3d 987 (7th Cir. 2002)"[W]hile defamation, a tortious injury to reputation, is not a constitutional tort, . . ., occupational liberty is a form of liberty . . .; and so the dissemination of false information that renders a person unemployable is a constitutional tort.").

denied. The Court FURTHER RECOMMENDS that the motion for substitution filed by Defendant Hart and the United States of America be granted (d/e 6). The Court recommends that the United States of America be substituted as the sole defendant in this case, pursuant to 28 U.S.C. § 2679(d)(2), and that Defendant Hart be dismissed.

Any objections to this Report and Recommendation must be filed in writing with the Clerk of the Court within fourteen days after service of a copy of this Report and Recommendation. See 28 U.S.C. § 636(b)(1). Failure to timely object will constitute a waiver of objections on appeal. Video Views, Inc. v. Studio 21, Ltd., 797 F.2d 538, 539 (7th Cir. 1986). See also Local Rule 72.2.

ENTER: June 17, 2011

_____s/ Byron G. Cudmore_____
BYRON G. CUDMORE
UNITED STATES MAGISTRATE JUDGE